
FILED
2012 Jun-22  PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

|  |  |  |
|---|---|---|
| **LARRY GRADY HALL,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-11-S-3540-J** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Larry Grady Hall, commenced this action on October 3, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability and disability insurance benefits.[1]  For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case is due to be remanded to the Commissioner

---

[1] Claimant filed a motion for judgment on the pleadings, or in the alternative, for summary judgment, on February 9, 2012.  Doc. no. 7.  That is not the usual procedure in actions for review of a decision by the Commissioner of Social Security.  Usually, a claimant simply files a brief in support of his challenge of the Commissioner's decision.  In fact, the Clerk of Court notified claimant of his right to do that very thing on December 28, 2011, more than a month before claimant filed his motion for judgment on the pleadings.  *See* doc. no. 6 (Clerk's Notice of right to file briefs).  As claimant's motion advances the same type of arguments that usually would be included in a claimant's brief in support of disability, the court will consider claimant's motion, and the brief filed in support thereof, in the same manner as it would normally consider a claimant's brief.

for further proceedings.

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards.  Specifically, claimant asserts that the ALJ erred in giving any weight to the opinion of a non-medical state agency disability examiner, that the ALJ improperly evaluated the medical evidence of record, and that the case should be remanded to the Commissioner for consideration of new evidence presented for the first time to the Appeals Council.  Upon review of the record, the court concludes that the first contention has merit.

Ms. Sharon Ann Thompson, a "disability examiner" who undisputedly is not a medical professional of any sort, completed a Physical Residual Functional Capacity Assessment form on February 11, 2008. Ms. Thompson's authority to make such an assessment derives from 20 C.F.R. § 404.906(b), which describes several new

decisionmaking models that are being tested by the Social Security Administration.

Specifically, Ms. Thompson is part of the "single decisionmaker" model, which is

described in the regulations as follows:

> In the single decisionmaker model, the decisionmaker will make the disability determination and may also determine whether the other conditions for entitlement to benefits based on disability are met. The decisionmaker will make the disability determination after any appropriate consultation with a medical or psychological consultant. The medical or psychological consultant will not be required to sign the disability determination forms we use to have the State agency certify the determination of disability to us (see § 404.1615). However, before an initial determination is made that a claimant is not disabled in any case where there is evidence which indicates the existence of a mental impairment, the decisionmaker will make every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment pursuant to our existing procedures (see § 404.1617). In some instances the decisionmaker may be the disability claim manager described in paragraph (b)(1) of this section. When the decisionmaker is a State agency employee, a team of individuals that includes a Federal employee will determine whether the other conditions for entitlement to benefits are met.

20 C.F.R. § 404.906(b)(2).[2]

Ms. Thompson indicated that claimant could occasionally lift and/or carry 50

pounds, frequently lift and/or carry 25 pounds, stand and/or walk for a total of 6 hours

in an 8-hour workday, sit for a total of 6 hours in an 8-hour workday, and perform

unlimited pushing and pulling movements. Claimant could never climb ladders, rope,

---

[2]The "single decisionmaker" model is one of four test groups being employed by the Social Security Administration for the purpose of testing potential modifications to the disability determination process. *See* 20 C.F.R. § 404.906(a).

or scaffolds, but he could frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.  He should avoid all exposure to hazards such as machinery or heights, but he did not have any other environmental limitations such as exposure to cold, heat, humidity, noise, vibration, or fumes and gases.[3]

The ALJ assigned Ms. Thompson's residual functional capacity assessment "minimal weight," but he nonetheless noted that Ms. Thompson's assessment was consistent with his own residual functional capacity finding, insofar as Ms. Thompson "also concluded that the claimant does not have any disabling mental impairment or pain."[4]   The ALJ ultimately assessed claimant with a residual functional capacity to perform medium work, with the following restrictions:  no operation of hazardous machinery; only oral (not written) detailed job instructions; and frequent bending, stooping, and climbing.[5]  The vocational expert testified that an individual with that residual functional capacity could perform jobs existing in significant numbers in the national economy.[6]

Claimant argues that the ALJ erred in assigning *any* weight, even minimal weight, to Ms. Thompson's assessment.  Indeed, even though the Commissioner employs the single decision-maker model in making administrative determinations,

---

[3] Tr. 387-94.

[4] Tr. 18.

[5] Tr. 18, 20.

[6] Tr. 81-82.

the district courts within this Circuit have uniformly held that a residual functional

capacity assessment from a single decision-maker does not constitute substantial

evidence to support an ALJ's decision.  One opinion from the Southern District of

Alabama succinctly summarized the relevant decisions as follows:

> Contrary to the ALJ's assessment in the decision denying Jackson
> SSI benefits (*see* Tr. 19 & 19–20 ("[T]he Administrative Law Judge has
> assigned substantial evidentiary weight to the findings and conclusions
> of the . . . State Agency disability specialist in Exhibit 16F. . . .  The
> Administrative Law Judge acknowledges that, as non-examining
> sources, the State Agency medical and psychological consultants'
> opinions are not entitled to controlling weight, but must be considered
> and weighed of those of highly qualified sources who are experts in the
> evaluation of medical issues in disability claims under the Social
> Security Act.")), an RFC assessment completed by a disability specialist
> is entitled to no weight, *compare Traylor v. Astrue*, 2010 WL 920114,
> *5 (M.D. Ala. 2010) ("The referenced opinion, however, is not that of
> a physician; it is the opinion of the DDS disability examiner, Karen
> Wiggins.  Her opinion is not, as the Appeals Council apparently
> believed, entitled to consideration as an expert medical opinion."
> (internal citation omitted));  *Foxx v. Astrue*, 2009 WL 2899048, * 7
> (S.D. Ala. 2009) ("While the findings of state agency medical
> consultants regarding the nature and severity of an individual's
> impairments must be considered and can be relied upon when they do
> not conflict with the opinions of examining sources, there is no evidence
> before the Court that Carol M. Davis, S.D.M., the person who completed
> the RFC assessment is a medical consultant whose opinion qualifies as
> a medical source opinion.");  *Bolton v. Astrue*, 2008 WL 2038513, *4
> (M.D. Fla. 2008) ("'An SDM is not a medical professional of any stripe,
> and a finding from such an individual is 'entitled to no weight as a
> medical opinion, nor to consideration as evidence from other
> non-medical sources.'");  and *Casey v. Astrue*, 2008 WL 2509030, *4 n.
> 3 (S.D. Ala. 2008) ("[A]n RFC assessment completed by a disability
> specialist is entitled to no weight.")  *with* 20 C.F.R. § 416.913(c) ("At the
> administrative law judge and Appeals Council levels, and at the

reviewing official, administrative law judge, and Decision Review Board levels in claims adjudicated under the procedures in part 405 of this chapter, we will consider residual functional capacity assessments made by State agency medical and psychological consultants, medical and psychological experts . . ., and other program physicians and psychologists to be 'statements about what you can still do' made by non-examining physicians and psychologists based on their review of the evidence in the case record.") & (d)(1)-(4) (describing evidence that may be used from other acceptable medical and non-medical sources but never identifying disability specialists as an acceptable non-medical source); *cf. Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990) (the opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision.").

*Jackson v. Astrue,* No. CA 09–0807–C, 2010 WL 2573508, at *7 (S.D. Ala. June 21, 2010) (bracketed alterations in original) (emphasis supplied). As such, the ALJ erred in affording any weight, even minimal weight, to Ms. Thompson's assessment.

Even so, the Eleventh Circuit has been careful to note that consideration of a single decision maker's opinion is harmless error, as long as the ALJ did not place "great weight" on the opinion, and the ALJ's decision is based on *other* substantial medical evidence of record. *See Castel v. Commissioner of Social Security,* 355 F. App'x 260, 265-66 (11th Cir. 2009). Here, the ALJ stated that he afforded only minimal weight to Ms. Thompson's assessment, which is an error that likely could be overcome if the ALJ's decision were otherwise based upon substantial medical evidence. This court concludes, however, that it was not.

Although the record does contain letters, evaluation reports, and other

statements from treating and examining medical providers, Ms. Thompson's assessment was the only statement of claimant's *physical* residual functional capacity in the record. Claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). Even so, the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). [Even so, t]he ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied).

Here, the court concludes that the record was not sufficient to support a finding of non-disability without additional evidence of the extent of claimant's functional limitations. The medical evidence reveals (and the ALJ found) that claimant had a severe combination of impairments including insomnia, degenerative disc disease of the thoracic spine, post traumatic stress disorder, generalized anxiety disorder, status post burns, status post heart surgery and valve replacement, history of deep vein thrombosis, and history of depression.[7] Claimant suffered serious injuries as a result

---

[7] Tr. at 15.

of a mine explosion, then serious complications from those injuries, including infections, congestive heart failure, the failure of a heart valve, blood clots, and a stroke.  The court recognizes that the mere fact of claimant's injuries is not enough, standing alone, to establish claimant's disability.  Instead, the relevant consideration is the effect of the injuries, or the combination of impairments resulting therefrom, on the claimant's ability to perform substantial gainful work activities.  *See* 20 C.F.R. § 404.1505 (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").  *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)).  Some of claimant's injuries and resulting impairments have the potential to cause significant functional limitations, but the record simply does not contain sufficient medical information to determine the extent of those limitations.

In conclusion, the court concludes that even the ALJ's minimal reliance on Ms. Thompson's assessment was in error, and that the ALJ's finding of no disability was not supported by substantial evidence.  The ALJ should have fulfilled his duty to fully

develop the record by requesting an additional consultative examination or additional evidence from claimant's treating sources about the extent of claimant's functional limitations.  Remand is warranted for the ALJ to correct those errors.[8]

Based on the foregoing, the decision of the Commissioner is reversed, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

DONE this 22nd day of June, 2012.

_____
United States District Judge

---

[8] Because remand is warranted on these grounds, the court need not consider claimant's other arguments.